**Artis ANDERSON, Plaintiff–Appellant,**

v.

**Milton WILLIAMSON; Don W. Stephens, Individually and in his official capacity as Insurance Commissioner for Commonwealth of Kentucky; Morgan, Trevathan & Gunn, Inc.;**

United Southern Assurance Company; David Fulkerson; Countrywide Truck Insurance Agency, Inc., Defendants–Appellees.

No. 02–5265.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Artis Anderson, a Kentucky resident proceeding pro se, appeals the district court orders which denied his motion for disqualification and denied his motion to vacate the judgment in this civil action brought under federal and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Anderson sued Milton Williamson; Don W. Stephens, Insurance Commissioner for the Commonwealth of Kentucky; Morgan, Trevathan & Gunn, Inc.; United Southern Assurance Company; David Fulkerson; and Countrywide Truck Insurance Agency, Inc. Anderson alleged that the defendants violated RICO statutes, conspired to deprive him of his Fourteenth Amendment rights, and violated state insurance laws when they arranged for him to be excluded as an insured under his former employer's

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

insurance policy. Anderson claimed that this exclusion caused his employer to terminate him. In 1995, the district court decided the case in favor of the defendants, and ordered Anderson to pay Fed. R.Civ.P. 11 sanctions. On appeal, this court affirmed the district court's decision to dismiss Anderson's complaint but reversed the award of sanctions. *Anderson v. Williamson*, No. 96–5123, 1996 WL 640464 (6th Cir. Nov.5, 1996). In November 2001, Anderson moved to disqualify district court Judge Coffman from the case and moved to vacate the district court's December 1995 decision. The district court denied both motions.

In his timely appeal, Anderson argues that: (1) the district court judge should have disqualified herself because she made mistakes of facts and law and showed bias and hostility towards him; (2) the district court erroneously construed his motion to vacate as filed under Fed.R.Civ.P. 60(b)(3) when the motion was predicated upon a showing of fraud on the court; (3) appellees used the district court and this court's orders as res judicata defenses in other courts and before an administrative agency; and (4) the district court misapplied *Vemco, Inc. v. Camardella*, 23 F.3d 129 (6th Cir.1994).

■ Upon review, we conclude that District Court Judge Coffman did not abuse her discretion when she denied Anderson's motion to disqualify her. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir.1990). Anderson claimed that Judge Coffman demonstrated bias and a hostile attitude at a hearing in December 1995 and made numerous mistakes of facts and law in her decision dismissing the case. Nothing about Judge Coffman's rulings suggests that the judge was personally biased against Anderson or in favor of the defendants. *See* 28 U.S.C. § 144. Moreover, Anderson presented no legitimate

reason to question the judge's impartiality, and the judge's ruling did not reflect any antagonism toward Anderson. *See* 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir.1999). Accordingly, the district court did not err when the court denied Anderson's motion for disqualification.

We further conclude that the district court did not abuse its discretion when the court denied Anderson's motion to vacate the judgment. *See Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996); *Frumkin v. Mayo Clinic*, 965 F.2d 620, 626 (8th Cir.1992); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1117 (1st Cir.1989). First, Anderson's motion was untimely if construed as brought under Fed.R.Civ.P. 60(b)(3). His November 19, 2001, motion sought to vacate the district court's December 21, 1995, judgment of dismissal on the grounds that the defendants obtained the judgment by presenting perjured testimony and misrepresenting the facts and law. A motion alleging fraud or other misconduct by an adverse party must be brought not more than one year after the judgment. Fed.R.Civ.P. 60(b). Because Anderson brought his motion nearly six years after the district court judgment, his motion was untimely.

■ Second, Anderson's motion was without merit when considered under the fraud on the court doctrine. A claim of fraud on the court is not subject to the one-year limitation period of Rule 60(b). *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir.2002). However, to establish fraud on the court, Anderson had to show at least a reckless disregard for the truth. *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 353–54 (6th Cir.1993). This he failed to do. The district court summarized Anderson's allegations of fraud and

found that Anderson had failed to present substantial evidence to support his charges and that his legal arguments were without merit. Having examined Anderson's allegations in light of this court's earlier decision in this case, we find no abuse of discretion. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

We have considered Anderson's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.